UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON WILLIAMS ROBERTS, <br><br> Petitioner, <br><br> v. <br><br> ELDON VAIL, <br><br> Respondent. | CASE NO. C11-479 MJP-BAT <br><br> ORDER ADOPTING THE REPORT AND RECOMMENDATION |

The Court, having reviewed Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus, the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge, Petitioner's objections, and the remaining record, finds and orders the Report and Recommendation is ADOPTED in part, Petitioner's § 2254 habeas petition is DENIED and this matter is DISMISSED with prejudice; and Petitioner is GRANTED issuance of a certificate of appealability.

**Discussion**

A. <u>Exhaustion</u>

A federal court may not grant habeas relief to a state prisoner unless he has properly exhausted his remedies in state court. 28 U.S.C. § 2254(b); <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991). Respondent concedes Claims 1, 2, and 3 were presented during state proceedings. Respondent nevertheless argues the Petitioner did not exhaust Claims 4 and 5. The Court disagrees. As Judge Tsuchida observed in the report and recommendation, Roberts adequately presented Claims 4 and 5 to the state court by citing to state cases analyzing the relevant federal constitutional issues. <u>See</u> <u>Peterson v. Lambert</u>, 319 F.3d 1153, 1158 (9th Cir. 2003)(en banc)(finding that for exhaustion purposes a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue). Respondent submitted no objections to Judge Tsuchida's report and recommendation. Since Claims 4 and 5 were presented during state court proceedings, the Court finds they were exhausted and properly considered before this Court.

B. <u>Merits</u>

As set forth in Judge Tsuchida's report and recommendation, a federal court may grant habeas relief on a claim "adjudicated on the merits" in state court only if the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d)(1)-(2); <u>see</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000). When the state court's application of governing federal law is challenged, its decision "must be shown to be not only erroneous, but objectively unreasonable." <u>Waddington v. Sarausad</u>, 555 U.S. 179, 190 (2009).

    1. <u>Claim 1</u>

ORDER ADOPTING THE REPORT AND
RECOMMENDATION- 2

In Claim 1, Roberts contends his conviction for both trafficking in stolen property and possessing stolen property violates the Fifth Amendment's Double Jeopardy Clause. Roberts's claim fails because the State is not prohibited by the Double Jeopardy Clause from charging [a criminal defendant] with greater and lesser included offenses and prosecuting those offenses in a single trial. See Ohio v. Johnson, 467 U.S. 493, 498 (1984). As Judge Tsuchida observed, the Double Jeopardy Clause was not violated when the State prosecuted Roberts for both trafficking in and possessing stolen property because one is the greater and the other is the lesser included offense.

Roberts nevertheless objects to Judge Tsuchida's finding on three grounds—none of which are persuasive. First, Roberts cites to Brown v. Ohio, 432 U.S. 161, 169 (1977). The Court finds Roberts's reliance on Brown v. Ohio misplaced. In Brown v. Ohio, the Supreme Court prohibited the successive prosecution and cumulative punishment for a greater and lesser included offense. Id. However, Roberts's prosecution was not a successive prosecution. Instead, the State prosecuted him for both offenses in a single prosecution as is permitted under Ohio v. Johnson.

Second, Roberts cites to State v. Knight, 54 Wn. App. 143, 154-56 (1989). This case is not relevant. It does not address double jeopardy at all; instead, it relates to whether a defendant is entitled to a jury instruction on a lesser included offense if each of the elements of the lesser offense is a necessary element of the offense charged. Id.

Third, Roberts argues possession and trafficking in stolen property are the same offense. The Court disagrees. The offenses are not identical in law and in fact. See Borrero, 161 Wash.2d 532, 536 (2007). Roberts's citations to Whalen v. U.S., 445 U.S. 684, 694 (1980), and other cases, are distinguishable. In Whalen, the Supreme Court held the defendant's convictions

for rape and felony murder violated Double Jeopardy because proof of the felony murder required proof of every element of rape. Id. Here, each offense contains an element that the other offense does not. See State v. Roberts, 2011 WL 3945101 (2010). For possession, the State had to prove the stolen property's value exceeded $1,500—an element not required for trafficking. Id. Likewise, for trafficking, the State had to prove Roberts sold or distributed the stolen property—an element not required for possession. Id.

The Court finds the state court adjudication of Claim 1 was not contrary to, or an unreasonable application of, established federal law, and was not an unreasonable determination of the facts in light of the evidence presented.

2. Claim 2

In Claim 2, Roberts contends his Fourth Amendment rights were violated by the search of his car incident to arrest. Roberts's claim fails because Roberts is precluded from raising this Fourth Amendment claim on habeas review by Stone v. Powell, 428 U.S. 465, 482 (1976). As Judge Tsuchida observed, Fourth Amendment claims are not cognizable on collateral review so long as the defendant has a "full and fair" opportunity to litigate the claim in state court. See Powell, 428 U.S. at 494.

In his objections, Roberts continues to argue it was error for the trial court to admit evidence obtained in an unlawful search of his car. Unfortunately, this is not the relevant inquiry. With respect to a habeas petition, the called-for inquiry is not whether the Fourth Amendment issue was correctly decided, but whether Roberts had the opportunity to litigate his claim. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996). Here, the record demonstrates Roberts had a full and fair opportunity to litigate his Fourth Amendment claim. In reviewing Roberts's claim, the state court of appeals held the search of the vehicle was unlawful

but that it was harmless error to admit evidence of the puppy in the backseat of his car. Roberts, 2010 WL 3945101, at *3.

Because Roberts had a full and fair opportunity to litigate his claim, the Court finds Stone v. Powell precludes consideration of Roberts's second claim for habeas relief.

3. Claim 3

In Claim 3, Roberts contends that the trial court violated his constitutional rights by failing to provide a unanimity instruction on first-degree trafficking in stolen property because there were multiple acts that could have served as the basis for conviction and jurors should have been required to all agree on a specific act. As Judge Tsuchida observed, Roberts's claim fails because there is no clearly established law requiring a unanimity instruction under the circumstances. Schad v. Arizona, 501 U.S. 624, 630-31 (1991).

In his objections, Roberts continues to argue unanimity was required as to which of his alleged acts constituted trafficking in stolen property—either the sale of one of the puppies in August 2008 or the possession of the four remaining puppies with the intent to sell. However, there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict under federal law. Schad, 501 U.S. at 631. If a State's courts have determined that certain statutory alternatives are mere means of committing a single offense, rather than independent elements of the crime, the Court is not at liberty to ignore that determination and conclude that the alternatives are, in fact, independent elements under state law. Id. at 636.

Here, the Washington Court of Appeals concluded that the Sixth Amendment did not require a unanimity instruction for each alternative means of demonstrating first-degree trafficking in stolen property because under state law the evidence demonstrated a continuing

course of conduct, i.e., the different actions intended to secure the same objective. Roberts's actions both the complete sale of one puppy and possession of the remaining stolen puppies furthered a single objective: to traffic/sell the puppies. This was enough to meet the first element of trafficking in stolen property.

Since the state court's determination was not an unreasonable application of federal law, the Court is not able to grant the habeas relief Roberts seeks.

4. <u>Claim 4</u>

In Claim 4, Roberts contends that his conviction for first-degree trafficking of stolen property should be reversed because he was entitled to jury instructions for the crimes of attempted first and second degree trafficking in stolen property. As Judge Tsuchida stated, the Washington court's decision not to require jury instruction on the lesser-included offense did not violate clearly established Supreme Court authority.

In the Ninth Circuit, "the failure of a state court to instruct on a lesser offense [in a non-capital case] fails to present a federal constitutional question and will not be considered in a federal habeas corpus proceeding." <u>Bashor v. Risley</u>, 730 F.2d 1228, 1240 (9th Cir. 1984). The only exception to this general rule is when the defendant has presented evidence in support of a lesser-included offense, i.e., his or her theory of the case. <u>Solis v. Garcia</u>, 219 F.3d 922, 929 (9th Cir. 2000).

Here, Roberts is not entitled to a lesser-included offense instruction because the evidence presented at trial did not support an inference that the lesser-included crime was committed. At trial, testimony was presented that Roberts left the puppies at a house in Kent at 4:00am on August 23. In addition, the witness testified that Roberts picked up one of the puppies and did not come back with it, having sold it to a friend in West Seattle. <u>State v. Roberts</u>, 2010 WL

3945101, at *2 (Wash. Ct. App., Oct. 11, 2010). Since nothing in Roberts's objections suggests an inference could have been made that Roberts only attempted to traffic in the stolen puppies, the Court finds the state court adjudication of Claim 4 was not an unreasonable application of established federal law.

5. Claim 5

In Claim 5, Roberts contends that the evidence was insufficient to show that he knowingly had actual or constructive possession of stolen property exceeding $1,500 in value. As Judge Tsuchida observed, this claim has no merit. Roberts argues insufficient evidence given that he was not a resident of the home where the puppies were found, nor was he at the premises when the stolen property was discovered, nor did he have immediate access to the stolen property. However, the record establishes that Roberts went to the home where the puppies were being sold and the next day the puppies were gone. In addition, the record shows Roberts shortly thereafter brought five puppies to a home in Kent; and left with one of the puppies and did not come back with it. A reasonable trier of fact would find that Roberts committed the charged offense—that Roberts knowingly possessed stolen property valued at more than $1,500 and did "withhold or appropriate" the puppies to the use of someone other than the true owner.

The Court finds Roberts's fifth claim for habeas relief fails.

C. Certificate of Appealability

A certificate of appealability may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537

ORDER ADOPTING THE REPORT AND
RECOMMENDATION- 7

U.S. 322, 327 (2003). Here, the Court departs from Judge Tsuchida's report and recommendation. The Court finds jurists of reason could disagree with the district court's resolution of his constitutional claims and GRANTS Roberts's request for a certificate of appealability.

**Conclusion**

The Court ADOPTS Judge Tsuchida's report and recommendation in part. Petitioner's § 2254 habeas petition is DENIED and this matter is DISMISSED with prejudice. However, the Court GRANTS Petitioner's request for a certificate of appealability.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 23rd day of January, 2012.

Marsha J. Pechman
United States District Judge

ORDER ADOPTING THE REPORT AND
RECOMMENDATION- 8